WRIGHT, J.
The 1st of December,'1827, the respondent, Martin, made a parol contract with one Thompson, to sell him a piece of ground in Unionville, for $50, to be paid in two years. Thompson was put in possession under the contract, built a house on the Aground, and otherwise improved it. In February, 1829, [699 Thompson sold his interest to the respondent, Palmer, and Palmer *724 was received by Martin in the place of Thompson, and put into possession.
In August, 1829, the respondent, Harper, obtained an award against Palmer for $188.10 and costs, which still remains unpaid.
The 16th of October, 1829, Palmer became embarrassed and assigned all his goods, chattels, and effects to the complainants in trust, to pay certain debts due by Palmer, and the residue, if any, to himself. Neither Harper nor Martin were included in the trust.
In 1831 and 1832 the premises were occupied by a tenant of the agent of the complainants; and in 1832 Harper applied to the agent to have the rent reduced to the tenant, and thus became apprised that the complainants had some interest in the premises, though he was not informed what interest.
In August, 1832, Martin gave notice to Palmer, that if the purchase-money was not paid, he would convey to Harper, who offered to pay it, in order to realize the money due him; and on the 21st of that month, the money not being paid, did convey to Harper, who had full knowledge of the contract with Palmer. Harper immediately notified the tenant to allow to him, and has since been in the receipt of the rents. On the 28th of the same month one Ward borrowed $282.92, and in company with Palmer tendered it to Martin, and demanded a deed to himself (Ward,) which Martin refused, because he had conveyed to Harper. No tender was made to Harper, or demand made of a deed of him. The money was-returned by Ward. In November, following, Harper offered Palmer a deed if he would pay the money due him, which was not done. Since the last term of this court the complainants have exhibited, for the first time, and put on file, a pajSer purporting to be an assignment of all Palmer’s interest in the ground for value received, dated the 4th March, 1830. No proof is offered of the execution of this paper, or of the complainants’execution of the trust, or the amount which has come into their hands under it.
Upon this state of the case on paper, we are asked to decree-Harper to make a peremptory conveyance to the complainants. In our opinion, equity will not warrant this. Harper, no doubt, took the deed with knowledge of Palmer’s contract and notice, that the complainants claimed some interest in the premises. As between Palmer and Martin, he holds the fee as Martin did. As between the complainants and Palmer, he occupies Palmer’s situation, and unites with it that of a creditor of Palmer, seeking to enforce the payment of his debt. Have the complainants a superior equity? 700] *They fail to disclose the precise nature or extent of their *725 claim, or how they have disposed of the other funds placed in their hands — they bring no money into court to pay the balance of the purchase-money admitted to be due. They, therefore, show no right to a conveyance in the most favorable aspect of the case. But the assignment made by Palmer, an insolvent debtor, of this property, to place it beyond the reach of legal process, and create a trust for himself for part of the proceeds, is void as against creditors. Harper is a creditor, and it is void as to him. Having the title of the land he will not be compelled to part wiih it until he is made safe. The paper of March, 1830, without explanation, does not vary the case; if it was intended to carry out the assignment in trust, it does not change its nature or make it valid — if made for any other purpose, the object is not shown. The keeping it back leaves the impression that its only object was to. supply a supposed defect in the other assignment. Harper’s lien for the unpaid purchase is first to be charged on the property; whatever is due him on the award may next be charged on it. If anything remains, it may go to the complainants or Palmer, as they show themselves entitled. As Martin has no further interest, the bill as to him may be dismissed. An interlocutory decree may be drawn on these principles, and referring the cause to a master to ascertain and report how much was due Harper, on account of the purchase-money, and what on account of his other demand. To ascertain the property conveyed to the complainants in trust, the proceeds, if sold, or value, if unsold, how the proceeds have been applied, and how much, if anything, is due to the complainants, and for the coming in of the report, &c., the case is continued.